**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

RICHARD DAVID MONTIEL MORA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 5:26-cv-6146-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On Saturday, October 17, 2026, Petitioner Richard David Montiel Mora, a noncitizen presently detained in the custody of United States Immigration and Customs Enforcement ("ICE"), initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). See Doc. No. 1. He challenges his ongoing detention as violative of, inter alia, his right to due process. Id. The Petition names as Respondents the Secretary of the Department of Homeland Security, the Attorney General, the Acting Director of ICE, the Warden of Adelanto ICE Processing Center, and the Field Office Director of the Los Angeles ICE Office, each in his or her official capacities (collectively "Respondents"). Petitioner seeks a Writ ordering his immediate release from Respondents' custody subject to the terms of his prior release, as well as enjoining Respondents from adding new conditions to his release, such as electronic monitoring, and from re-detaining Petitioner, absent pre-deprivation notice and a meaningful opportunity to be heard. Id. at prayer, ¶¶ 2-4.

Concurrently with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment. See Doc. No. 4. On Monday, October 19th, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 6. The case became fully consented for Magistrate Judge final disposition three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 6); see also Doc. No. 8.[1]

In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule. See Doc. No. 6 at ECF pp. 1, 5. Under that briefing schedule, counsel for Respondents were required to file a Notice of Appearance no later than October 22, 2026, and Respondents were ordered to file their Answer to the Petition no later than October 26, 2026. Id.

Respondents did not file any such Answer (or Notice of Appearance), however, and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." In addition, Local Rule 7-12 provides that provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United

[1] On October 22, 2026, the case was transferred to the undersigned Magistrate Judge pursuant to Local Rule 83-1.3.1 (related-case transfer). See Doc. No. 7.

States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

**IT IS THEREFORE ORDERED** that:

(A) Respondents shall immediately release Petitioner **RICHARD DAVID MONTIEL MORA (A-244-326-301)** from immigration custody subject only to the conditions of release in place at the time of his August 7, 2026, re-detention. Respondents may not impose as a condition of this release electronic monitoring or any other condition that Petitioner was not subject to at the time of his re-detention on August 7, 2026. That does not mean that immigration authorities may never change the conditions of Petitioner's release pending determination of his removal case, only that they must comply with due process to do so.

(B) Respondents shall not re-detain Petitioner without first providing Petitioner with notice and a hearing before a neutral decisionmaker to contest the basis for his re-detention;

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release.

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release.

The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: October 27, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE